# EXHIBIT B

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

JASMINE MCGHEE

    VS.

MICAH ALEXANDER and
ROEHL TRANSPORT, INC.

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Jasmine McGhee, by counsel, Nathan D. Foushee, of Ken Nunn Law Office, and for her cause of action against the Defendants, Micah Alexander and Roehl Transport, Inc., alleges and states as follows:

## STATEMENT AND JURISDICTION

1.    This is a clear liability collision in which Defendants' 2020 International tractor and attached trailer was negligently driven by Micah Alexander, causing a collision with the vehicle driven by Plaintiff, Jasmine McGhee. As a result of the collision, Plaintiff has incurred medical expenses, lost wages, property damage including, but not limited to, diminished value, and other special expenses in an amount to be proven at trial of this cause.

2.    Jurisdiction and venue are appropriate in Marion County, Indiana, as said collision occurred within the boundaries of Marion County, State of Indiana.

## FIRST CAUSE OF ACTION

### NEGLIGENCE OF MICAH ALEXANDER

3.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 2 above as if fully restated verbatim.

4.    On or about September 9, 2020, Defendant Micah Alexander negligently drove a tractor-trailer, causing a collision with the vehicle driven by Plaintiff, Jasmine McGhee.

5.    Defendant Micah Alexander had a duty to operate his tractor trailer in a safe and reasonable manner.

6.     Defendant Micah Alexander failed in the above mentioned duties and is therefore negligent.

7.     Defendant Micah Alexander's negligence was the direct and proximate cause of Plaintiff's injuries.

8.     Plaintiff Jasmine McGhee's injuries and damages are permanent.

9.     As a direct and proximate result of Micah Alexander's negligence, Jasmine McGhee has suffered lost wages.

10.     Plaintiff, Jasmine McGhee, has incurred medical bills for the treatment of her injuries directly resulting from this collision.

11.     As a direct and proximate result of Micah Alexander's negligence, Jasmine McGhee has experienced physical and mental pain and suffering, lost wages, property damage including, but not limited to, diminished value, and has lost the ability to perform usual activities, resulting in a diminished quality of life.

## SECOND CAUSE OF ACTION

### NEGLIGENCE PER SE OF MICAH ALEXANDER

12.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 11 above as if fully restated verbatim.

13.     Micah Alexander violated state and federal statutes and regulations including but not limited to Title 9 of the Indiana Code.

14.     Defendant Micah Alexander's statutory violations directly and proximately caused Plaintiff's damages and injuries.

15.     Defendant Micah Alexander is negligent per se based on these statutory and regulatory violations.

## THIRD CAUSE OF ACTION

### RESPONDEAT SUPERIOR OF ROEHL TRANSPORT, INC.

16.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 15 above as if fully restated verbatim.

17.     Defendant Micah Alexander was the employee, agent, servant, or independent contractor for Roehl Transport, Inc.  Accordingly, Roehl Transport, Inc. is vicariously liable for the acts of Defendant Micah Alexander for the causes of action above.

WHEREFORE, the Plaintiff, Jasmine McGhee, by counsel Nathan D. Foushee of Ken Nunn Law Office, demands judgment against the Defendants, Micah Alexander and Roehl Transport, Inc. for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses, lost wages, property damage including, but not limited to, diminished value, and other special expenses, court costs and all other just and proper relief in the premises.

KEN NUNN LAW OFFICE

BY:     *s/ Nathan D. Foushee*
        Nathan D. Foushee, #24885-49
        KEN NUNN LAW OFFICE
        104 South Franklin Road
        Bloomington, IN  47404
        Phone: (812) 332-9451
        Fax: (812) 331-5321
        E-mail: nathanf@kennunn.com

## REQUEST FOR TRIAL BY JURY

Comes now the plaintiff, by counsel, Ken Nunn Law Office, and requests that this matter be tried by jury pursuant to Trial Rule 38.

KEN NUNN LAW OFFICE


BY:     *s/ Nathan D. Foushee*
        Nathan D. Foushee, #24885-49
        KEN NUNN LAW OFFICE
        104 South Franklin Road
        Bloomington, IN  47404
        Phone: (812) 332-9451
        Fax: (812) 331-5321
        E-mail: nathanf@kennunn.com


Nathan D. Foushee, #24885-49
Ken Nunn Law Office
104 South Franklin Road
Bloomington, IN 47404
Telephone:  812-332-9451
Fax Number:   812-331-5321
Attorney for Plaintiff

## APPEARANCE FORM (CIVIL)
### Initiating Party

| | | |
|---|---|---|
| | CAUSE NO: | |
| 1. | Name of first initiating party | Jasmine McGhee<br>11912 Kelso Drive, Unit 4<br>Zionsville, IN 46077 |
| 2. | Telephone of pro se initiating party | NA |
| 3. | Attorney information (as applicable for service of process) | Nathan D. Foushee #24885-49<br>Ken Nunn Law Office<br>104 South Franklin Road<br>Bloomington, IN 47404<br>PHONE:        812 332-9451<br>FAX:            812 331-5321<br>Email: nathanf@kennunn.com |
| 4. | Case type requested | CT (Civil Tort) |
| 5. | Will accept FAX service | YES |
| 6. | Are there related cases | NO |
| 7. | Additional information required by State or Local Rules | |
| Continuation of Item 1 (Names of initiating parties) | | NAME:<br>NAME: |
| Continuation of Item 3 (Attorney information as applicable for service of process) | | |

s/Nathan D. Foushee
Attorney-at-Law
(Attorney information shown above.)

CIRCUIT/SUPERIOR COURTS FOR THE COUNTY OF MARION
STATE OF INDIANA
CITY COUNTY BUILDING, 200 E. WASHINGTON STREET
INDIANAPOLIS, INDIANA  46204
TELEPHONE 317 327-4740

Jasmine McGhee

           Plaintiff(s)

        VS.                           No. _____

Micah Alexander and Roehl Transport, Inc.

           Defendant(s)

## SUMMONS

The State of Indiana to Defendant: **Micah Alexander, 3 West 138th Street, Riverdale, IL 60827**

    You have been sued by the person(s) named "plaintiff" in the court stated above.

    The nature of the suit against you is stated in the complaint which is attached to this document.  It also states the demand which the plaintiff has made and wants from you.

    You must answer the complaint in writing, by you or your attorney, within Twenty (20) days, commencing the day after you receive this summons, or judgment will be entered against you for what the plaintiff has demanded.  You have twenty-three (23) days to answer if this summons was received by mail.  **Such Answer Must Be Made In Court.**

    If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Date:_____  11/30/2020

                          *Myla A. Eldridge*
                         CLERK, MARION CIRCUIT/SUPERIOR COURTS

NATHAN D. FOUSHEE, #24885-49
ATTORNEY FOR PLAINTIFF
KEN NUNN LAW OFFICE
104 FRANKLIN ROAD
BLOOMINGTON, IN   47404

## ACKNOWLEDGMENT OF SERVICE OF SUMMONS

    A copy of the above summons and a copy of the complaint attached thereto were received by me at _____ this _____ day of _____, 2020.

                         _____
                         SIGNATURE OF DEFENDANT

*(MARION COUNTY COURTS — SEAL — INDIANA)*

PRAECIPE:  I designate the following mode of service to be used  by the Clerk.

XX       By certified or registered mail with return receipt to above address.

☐       By Sheriff delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing therein.

☐       By _____ delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode.

☐       By serving his agent as provided by rule, statute or valid agreement, to-wit:

                         KEN NUNN LAW OFFICE

                         BY:    *s/ NATHAN D. FOUSHEE*_____
                         ATTORNEY FOR PLAINTIFF

CERTIFICATE OF MAILING: I certify that on the __ day of _____, 2020, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) by (registered or certified mail requesting a return receipt signed by the addressee only, addressed to each of said defendant(s) at the address(es) furnished by plaintiff.

Dated this __ day of _____, 2020.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**RETURN OF SERVICE OF SUMMONS BY MAIL:** I hereby certify that service of summons with return receipt requested was mailed on the __ day of _____, 2020, and that a copy of the return of receipt was received by me on the _____ day of _____, 2020, which copy is attached herewith.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**CERTIFICATE OF CLERK OF SUMMONS NOT ACCEPTED BY MAIL:** I hereby certify that on the __ day of _____ __, 2020, I mailed a copy of this summons and a copy of the complaint to the defendant(s) by (registered or certified) mail, and the same was returned without acceptance this __ day of _____, 2020, and I did deliver said summons and a copy of the complaint to the Sheriff of MARION County, Indiana.

Dated this __ day of _____, 2020.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**RETURN OF SUMMONS:** This summons came to hand on the __ day of _____, 2020, and I served the same on the __ day of _____, 2020.
1. By mailing a copy of the summons and complaint personally to _____ address _____ _____.
2. By delivering a copy of summons and complaint personally to _____.
3. By leaving a copy of the summons and complaint at _____ th e dwelling house or usual place of abode of defendant:_____(Nam e of Person) and by mailing by first class mail a copy of the summons on the __ day of _____, 2020 to _____ h is last known address.
4. By serving his agent as provided by rule, statute or valid agreement to-wit:_____ _____.
5. Defendant cannot be found in my bailwick and summons was not served.

And I now return this writ this __ day of _____, 2020.

_____
SHERIFF or DEPUTY

**RETURN ON SERVICE OF SUMMONS:** I hereby certify that I have served the within summons:
1. By delivery on the __ day of _____, 2020 a copy of this summons and a copy of the complaint to each of the within named defendant(s) _____.
2. By leaving on the ___ day of _____, 2020 for each of the within named defendant(s)_____ _____, a c opy of the summons and a copy of the complaint at the respective dwelling house or usual place of abode with _____ a p erson of suitable age and discretion residing therein whose usual duties or activities include prompt communication of such information to the person served.
3. _____an d by mailing a copy of the summons without the complaint to _____ at _____ _____the last known address of defendant(s).
All done in MARION County, Indiana.

Fees: $_____

_____
SHERIFF or DEPUTY

CIRCUIT/SUPERIOR COURTS FOR THE COUNTY OF MARION
STATE OF INDIANA
CITY COUNTY BUILDING, 200 E. WASHINGTON STREET
INDIANAPOLIS, INDIANA  46204
TELEPHONE 317 327-4740

Jasmine McGhee

                Plaintiff(s)

        VS.                              No. _____

Micah Alexander and Roehl Transport, Inc.

                Defendant(s)

## SUMMONS

The State of Indiana to Defendant: **Roehl Transport, Inc., c/o American Moving and Storage Association, Goodin Abernathy LLP, Christopher E. Clark, 301 East 38th Street, Indianapolis, IN 46205**

        You have been sued by the person(s) named "plaintiff" in the court stated above.

        The nature of the suit against you is stated in the complaint which is attached to this document.  It also states the demand which the plaintiff has made and wants from you.

        You must answer the complaint in writing, by you or your attorney, within Twenty (20) days, commencing the day after you receive this summons, or judgment will be entered against you for what the plaintiff has demanded.  You have twenty-three (23) days to answer if this summons was received by mail.  **Such Answer Must Be Made In Court.**

        If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Date:_____

                                      _____
                                      CLERK, MARION CIRCUIT/SUPERIOR COURTS

NATHAN D. FOUSHEE, #24885-49
ATTORNEY FOR PLAINTIFF
KEN NUNN LAW OFFICE
104 FRANKLIN ROAD
BLOOMINGTON, IN   47404

## ACKNOWLEDGMENT OF SERVICE OF SUMMONS

        A copy of the above summons and a copy of the complaint attached thereto were received by me at _____ this _____ day of _____, 2020.

                                      _____
                                      SIGNATURE OF DEFENDANT

PRAECIPE:  I designate the following mode of service to be used  by the Clerk.

XX        By certified or registered mail with return receipt to above address.

☐        By Sheriff delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing therein.

☐        By _____ delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode.

☐        By serving his agent as provided by rule, statute or valid agreement, to-wit:

                                KEN NUNN LAW OFFICE

                                BY:_____*s/ NATHAN D. FOUSHEE*_____
                                ATTORNEY FOR PLAINTIFF

CERTIFICATE OF MAILING: I certify that on the __ day of _____, 2020, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) by (registered or certified mail requesting a return receipt signed by the addressee only, addressed to each of said defendant(s) at the address(es) furnished by plaintiff.

Dated this __ day of _____, 2020.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**RETURN OF SERVICE OF SUMMONS BY MAIL:** I hereby certify that service of summons with return receipt requested was mailed on the __ day of _____, 2020, and that a copy of the return of receipt was received by me on the _____ day of _____, 2020, which copy is attached herewith.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**CERTIFICATE OF CLERK OF SUMMONS NOT ACCEPTED BY MAIL:** I hereby certify that on the __ day of _____ __, 2020, I mailed a copy of this summons and a copy of the complaint to the defendant(s) by (registered or certified) mail, and the same was returned without acceptance this __ day of _____, 2020, and I did deliver said summons and a copy of the complaint to the Sheriff of MARION County, Indiana.

Dated this __ day of _____, 2020.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**RETURN OF SUMMONS:** This summons came to hand on the __ day of _____, 2020, and I served the same on the __ day of _____, 2020.

1. By mailing a copy of the summons and complaint personally to _____ address _____ _____.
2. By delivering a copy of summons and complaint personally to _____.
3. By leaving a copy of the summons and complaint at _____the dwelling house or usual place of abode of defendant:_____(Name of Person) and by mailing by first class mail a copy of the summons on the __ day of _____, 2020 to _____his last known address.
4. By serving his agent as provided by rule, statute or valid agreement to-wit:_____ _____.
5. Defendant cannot be found in my bailwick and summons was not served.

And I now return this writ this __ day of _____, 2020.

_____
SHERIFF or DEPUTY

**RETURN ON SERVICE OF SUMMONS:** I hereby certify that I have served the within summons:

1. By delivery on the __ day of _____, 2020 a copy of this summons and a copy of the complaint to each of the within named defendant(s) _____.
2. By leaving on the __ day of _____, 2020 for each of the within named defendant(s)_____ _____, a copy of the summons and a copy of the complaint at the respective dwelling house or usual place of abode with _____a person of suitable age and discretion residing therein whose usual duties or activities include prompt communication of such information to the person served.
3. _____and by mailing a copy of the summons without the complaint to _____at _____ _____the last known address of defendant(s).

All done in MARION County, Indiana.

Fees: $_____

_____
SHERIFF or DEPUTY

**UNITED STATES**
**POSTAL SERVICE**

Mailer: Ken Nunn Law Office

Date Produced: 12/14/2020

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 9403 8326 5018 94. Our records indicate that this item was delivered on 12/08/2020 at 10:30 a.m. in INDIANAPOLIS, IN 46205. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file
as shown below:

ROEHL TRANSPORT INC  C/O AMERICAN MOVING AND STORAGE ASSOCIATION
GOODIN ABERNATHY LLP CHRISTOPHER E CLARK
301 E 38TH ST
INDIANAPOLIS IN 46205-2620

Customer Reference Number:        C2394125.13704890

Return Reference Number:          J. McGhee

USPS MAIL PIECE TRACKING NUMBER: 42046205921489019403832650189 4

MAILING DATE:     11/30/2020
DELIVERED DATE:   12/08/2020
CUSTOM1:


MAIL PIECE DELIVERY INFORMATION:

ROEHL TRANSPORT INC  C/O AMERICAN MOVING AND STORAGE ASSOCIATION
GOODIN ABERNATHY LLP CHRISTOPHER E CLARK
301 E 38TH ST
INDIANAPOLIS IN 46205-2620


MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 11/30/2020 14:16 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | BLOOMINGTON,IN 47404 |
| 12/02/2020 20:24 | ORIGIN ACCEPTANCE | BLOOMINGTON,IN 47404 |
| 12/02/2020 21:39 | PROCESSED THROUGH USPS FACILITY | INDIANAPOLIS,IN 46206 |
| 12/04/2020 02:22 | PROCESSED THROUGH USPS FACILITY | INDIANAPOLIS,IN 46206 |
| 12/08/2020 10:30 | DELIVERED FRONT DESK/RECEPTION/MAIL ROOM | INDIANAPOLIS,IN 46205 |

**UNITED STATES POSTAL SERVICE**

Mailer: Ken Nunn Law Office

Date Produced: 12/28/2020

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 9403 8326 5018 32. Our records indicate that this item was delivered on 12/21/2020 at 02:04 p.m. in LISLE, IL 60532. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

MICAH ALEXANDER
3 W 138TH ST
RIVERDALE IL 60827-2051

Customer Reference Number:        C2394125.13704889

Return Reference Number:          J. McGhee

USPS MAIL PIECE TRACKING NUMBER:  420608279214890194038326501832

MAILING DATE:      11/30/2020

DELIVERED DATE:    12/21/2020

CUSTOM1:

MAIL PIECE DELIVERY INFORMATION:

MICAH ALEXANDER
3 W 138TH ST
RIVERDALE IL 60827-2051

MAIL PIECE TRACKING EVENTS:

| Date/Time | Event | Location |
|---|---|---|
| 11/30/2020 14:16 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | BLOOMINGTON,IN 47404 |
| 12/01/2020 22:42 | ORIGIN ACCEPTANCE | BLOOMINGTON,IN 47404 |
| 12/01/2020 23:57 | PROCESSED THROUGH USPS FACILITY | INDIANAPOLIS,IN 46206 |
| 12/02/2020 10:33 | PROCESSED THROUGH USPS FACILITY | CHICAGO,IL 60607 |
| 12/04/2020 08:36 | PROCESSED THROUGH USPS FACILITY | CHICAGO,IL 60607 |
| 12/05/2020 02:28 | PROCESSED THROUGH USPS FACILITY | CHICAGO,IL 60607 |
| 12/06/2020 08:29 | PROCESSED THROUGH USPS FACILITY | CHICAGO,IL 60607 |
| 12/09/2020 08:47 | FORWARDED | RIVERDALE,IL 60827 |
| 12/19/2020 14:00 | PROCESSED THROUGH USPS FACILITY | CAROL STREAM,IL 60199 |
| 12/20/2020 09:45 | PROCESSED THROUGH USPS FACILITY | BEDFORD PARK,IL 60499 |
| 12/21/2020 08:41 | ARRIVAL AT UNIT | LISLE,IL 60532 |
| 12/21/2020 14:04 | DELIVERED LEFT WITH INDIVIDUAL | LISLE,IL 60532 |

Filed: 2/2/2021 12:46 PM
Clerk
Marion County, Indiana

STATE OF INDIANA    )            MARION SUPERIOR COURT 10
                   )  SS:
COUNTY OF MARION   )            CAUSE NO.: 49D10-2011-CT-041928

JASMINE McGHEE,        )
                        )
            Plaintiff,   )
                        )
    vs.                  )
                        )
MICAH ALEXANDER and   )
ROEHL TRANSPORT, INC.,  )
                        )
           Defendants.  )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification:   **Defendants**

    1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):
          **Micah Alexander and Roehl Transport, Inc.**

    2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

         Christopher R. Whitten, Attorney No.  20429-49
         Matthew K. Phillips, Attorney No.  28724-49
               WHITTEN LAW OFFICE
              6801 Gray Road, Suite H
               Indianapolis, IN 46237
             (317) 362-0225 Telephone
             (317) 362-0151 Facsimile
            cwhitten@indycounsel.com
            mphillips@indycounsel.com

    3.    There are other party members:  No.

    4.    If first initiating party filing this case, the Clerk is required to assign this case the following Case Type under Administrative Rule 8(b)(3):  N/A.

    5.    I will accept service by FAX at the above noted number:  No.

    6.    This case involves support issues. No.  (If yes, supply social security number for all family members).

7.     There are related cases:  No.

8.     This form has been served on all other parties.  Certificate of Service is attached:  Yes.

9.     Additional information required by local rule:  N/A.

Respectfully submitted,

WHITTEN LAW OFFICE

*s/Christopher R. Whitten*
Christopher R. Whitten/20429-49

*s/Matthew K. Phillips*
Matthew K. Phillips/28724-49
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On February 1, 2021, I electronically filed and served the foregoing document through the Indiana ECF system:

Nathan D. Foushee, Esq.
KEN NUNN LAW OFFICE
nathanf@kennunn.com

*s/Christopher R. Whitten*
Christopher R. Whitten

WHITTEN LAW OFFICE
6801 Gray Road, Suite H
Indianapolis, IN 46237
PH:   317-362-0225
Fax:   317-362-0151
cwhitten@indycounsel.com
mphillips@indycounsel.com

Filed: 2/12/2021 10:10 AM
Clerk
Marion County, Indiana

STATE OF INDIANA )
                  ) SS:
COUNTY OF MARION )

MARION SUPERIOR COURT 10

CAUSE NO.: 49D10-2011-CT-041928

JASMINE McGHEE, )
                  )
          Plaintiff, )
                  )
   vs. )
                  )
MICAH ALEXANDER and )
ROEHL TRANSPORT, INC., )
                  )
         Defendants. )

## ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR TRIAL BY JURY

Defendants Micah Alexander ("Alexander") and ROEHL TRANSPORT, INC., ("Roehl") (collectively "Defendants") by counsel, for their Answer to Plaintiff's Complaint for Damages, state as follows:

### ANSWER

### STATEMENT AND JURISDICTION

1. This is a clear liability collision in which Defendants' 2020 International tractor and attached trailer was negligently driven by Micah Alexander, causing a collision with the vehicle driven by Plaintiff, Jasmine McGhee. As a result of the collision, Plaintiff has incurred medical expenses, lost wages, property damage including, but not limited to, diminished value, and other special expenses in an amount to be proven at trial of this cause.

**ANSWER: Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint for Damages.**

2. Jurisdiction and venue are appropriate in Marion County, Indiana, as said collision occurred within the boundaries of Marion County, State of Indiana.

**ANSWER: Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint for Damages.**

### FIRST CAUSE OF ACTION

### NEGLIGENCE OF MICAH ALEXANDER

3.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 2 above as if fully restated verbatim.

**ANSWER: Defendants incorporate their responses to Paragraphs 1 through 2 of Plaintiff's Complaint for Damages as if fully restated herein.**

4.  On or about September 9, 2020, Defendant Micah Alexander negligently drove a tractor-trailer, causing a collision with the vehicle driven by Plaintiff, Jasmine McGhee.

**ANSWER: Defendants deny the allegations in Paragraph 4 of Plaintiff's Complaint for Damages.**

5.  Defendant Micah Alexander had a duty to operate his tractor trailer in a safe and reasonable manner.

**ANSWER: Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint for Damages.**

6.  Defendant Micah Alexander failed in the above mentioned duties and is therefore negligent.

**ANSWER: Defendants deny the allegations in Paragraph 6 of Plaintiff's Complaint for Damages.**

7.  Defendant Micah Alexander's negligence was the direct and proximate cause of Plaintiff's injuries.

**ANSWER: Defendants deny the allegations in Paragraph 7 of Plaintiff's Complaint for Damages.**

8.  Plaintiff Jasmine McGhee's injuries and damages are permanent.

**ANSWER: Defendants deny the allegations in Paragraph 8 of Plaintiff's Complaint for Damages.**

9.  As a direct and proximate result of Michal Alexander's negligence, Jasmine McGhee has suffered lost wages.

**ANSWER: Defendants deny the allegations in Paragraph 9 of Plaintiff's Complaint for Damages.**

10. Plaintiff, Jasmine McGhee, has incurred medical bills for the treatment of her injuries directly resulting from this collision.

**ANSWER: Defendants are without sufficient information or knowledge to either admit or deny the allegation contained allegations in Paragraph 10 of Plaintiff's Complaint for Damages.**

11. As a direct and proximate result of Micah Alexander's negligence, Jasmine McGhee has experienced physical and mental pain and suffering, lost wages, property damage including, but not limited to, diminished value, and has lost the ability to perform usual activities, resulting in a diminished quality of life.

**ANSWER: Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint for Damages.**

<u>**SECOND CAUSE OF ACTION**</u>

**NEGLIGENCE PER SE OF MICAH ALEXANDER**

12. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 11 above as if fully restated verbatim.

**ANSWER: Defendants incorporate their responses to Paragraphs 1 through 11 of Plaintiff's Complaint for Damages as if fully restated herein.**

13. Micah Alexander violated state and federal statutes and regulations including but not limited to Title 9 of the Indiana Code.

**ANSWER: Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint for Damages.**

14. Defendant Micah Alexander's statutory violations directly and proximately caused Plaintiff's damages and injuries.

**ANSWER: Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint for Damages.**

15. Defendant Micah Alexander is negligent per se based on these statutory and regulatory violations.

**ANSWER:** **Defendants deny the allegations in Paragraph 15 of Plaintiff's Complaint for Damages.**

### THIRD CAUSE OF ACTION

### RESPONDEAT SUPERIOR OF ROEHL TRANSPORT, INC.

16. Plaintiff realleges and incorporate herein by reference paragraphs 1 through 15 above as if fully restated verbatim.

**ANSWER:** **Defendants incorporate their responses to Paragraphs 1 through 16 of Plaintiff's Complaint for Damages as if fully restated herein.**

17. Defendant Micah Alexander was the employee, agent, servant, or independent contractor for Roehl Transport, Inc. Accordingly, Roehl Transport, Inc. is vicariously liable for the acts of Defendant Micah Alexander for the causes of action above.

**ANSWER:** **Defendants admit that at the time of the accident, Alexander was driving a tractor-trailer in the course and scope of his agency with and pursuant to the federal operating authority of Roehl. Defendants deny the remaining allegations of Paragraph 17 of Plaintiff's Complaint for Damages and any allegation inconsistent with the foregoing admission.**

### AFFIRMATIVE DEFENSES

1. Plaintiff's negligence exceeds fifty percent (50%) of the total fault attributable for this incident, thereby barring recovery.

2. Subject to further discovery, in the alternative, in the event that it is established that the causal negligence of Plaintiff is 50% or less, Defendants hereby assert that the amount of Plaintiff's damages should be diminished in proportion to the amount of causal negligence attributable to Plaintiff.

3. Subject to further discovery, Plaintiff may have failed to mitigate her damages.

4. Subject to further discovery, Plaintiff may have received payments for her alleged injuries from a collateral source to which Defendants may be entitled to a set off under the law.

5.      Defendants specifically deny and all allegations in Plaintiff's Complaint for Damages that were not specifically admitted.

6.      Plaintiff has failed to effectuate service of process on Roehl pursuant to the Indiana Rules of Trial Procedure.

7.      Defendants reserve the right to amend the foregoing affirmative defenses based upon further investigation and discovery.

## DEMAND FOR TRIAL BY JURY

Defendants Alexander and Roehl respectfully request this matter be tried by a jury as to all issues.

Respectfully submitted,

WHITTEN LAW OFFICE

*s/Christopher R. Whitten*
Christopher R. Whitten/20429-49
Matthew K. Phillips/28724-49
Counsel for Defendants

## CERTIFICATE OF SERVICE

On February 12, 2021, I electronically filed and served the foregoing document through the Indiana ECF system:

Nathan D. Foushee, Esq.
KEN NUNN LAW OFFICE
nathanf@kennunn.com

*s/Christopher R. Whitten*
Christopher R. Whitten

WHITTEN LAW OFFICE
6801 Gray Road, Suite H
Indianapolis, IN 46237
PH:    317-362-0225
Fax:   317-362-0151
cwhitten@indycounsel.com
mphillips@indycounsel.com

Filed: 3/9/2021 1:50 PM
Clerk
Marion County, Indiana

STATE OF INDIANA      )              MARION SUPERIOR COURT 10
                          )  SS:
COUNTY OF MARION    )              CAUSE NO.: 49D10-2011-CT-041928

JASMINE McGHEE,             )
                              )
                Plaintiff,     )
                              )
      vs.                         )
                              )
MICAH ALEXANDER and     )
ROEHL TRANSPORT, INC.,   )
                              )
                Defendants.    )

## PLAINTIFF'S PRELIMINARY LIST OF WITNESSES AND EXHIBITS

**WITNESSES**:

1.    Plaintiff, Jasmine McGhee

2.    Defendant, Micha Alexander

3.    Representative of Defendant, Roehl Transport Inc.

4.    Investigating Officer J Crawford, Badge #: 42939, Indianapolis Metropolitan Police Department

5.    All treating physicians, Community Hospital North, 7150 Clear vista Dr., Indianapolis, IN 46256

6.    All treating physicians, IU Health Hospital, Indianapolis, IN and Zionsville, IN

7.    All doctors that plaintiff has seen for injuries.

8.    Various lay witnesses, to be named later, will testify to the plaintiff's physical abilities before and/or after the incident.

9.    All witnesses listed by defendant.

10.    Additional witnesses may be listed by plaintiffs after discovery has been completed and prior to any deadlines set by the Court.

11.    Plaintiff reserves the right to call rebuttal witnesses.

2

**EXHIBITS**:

1.      Indiana Officer's Standard Crash Report for the incident-in-suit.

2.      Indiana Driver's Manual, as published by the Indiana Bureau of Commercial Motor Vehicles

3.      Federal Trucking Handbook

4.      Diagram of scene of incident.

5.      Medical records.

6.      Medical bills.

7.      X-rays or other results of diagnostic tests.

8.      911 Calls and/or recordings

9.      Medical encyclopedia and/or dictionary.

10.     Physician's Desk Reference.

11.     DSM-5, AMA Guides to the Evaluation of Permanent Impairment, Sixth Edition, or other learned treatises.

12.     Photographs or other depictions.

13.     Lost wage documentation.

14.     Video relating to this cause.

15.     Life expectancy tables.

16.     Video depictions/animations/stills of medical treatments and/or surgery performed or to be performed including but not limited to anatomical depictions of the human body and/or instrumentalities used or to be used in such treatments.

17.     Animation depicting how the incident occurred or an expert's opinion on how the incident occurred or might have occurred or similarly including but not limited to instrumentalities and persons and locations involved in the incident.

18.     Demonstrative aids and/or exemplars, including but not limited to photographs, website materials, Facebook or other social media items, Google Earth maps and street views or other computer assisted GPS location programs depicting locations, Google search results, Amazon items for general sale, anatomical illustrations, PowerPoint slides, YouTube videos

3

of mechanism of injury and/or medical treatments and surgeries for conditions, animations, websites, search engine results, musical overlays, reproductions or other representative illustrations,   diagrams, drawings or depictions of scenes, people or things involved in this incident and any combination or modification of the above.

19.    All exhibits listed by defendant

20.    Additional exhibits may be listed by plaintiffs upon completion of discovery and prior to any deadlines set by the Court

21.    Any and all documents or other materials utilized by any expert retained by defendant and/or plaintiff to testify in this cause of action.

22.    Any and all documents attached and/or referenced in defendant's discovery responses.


Respectfully submitted,
KEN NUNN LAW OFFICE


By:      _____*/s/Nathan Foushee*_____
          Nathan Foushee, # 24885-49
           Attorney for Plaintiff, Jasmine McGhee

Nathan Foushee
Ken Nunn Law Office
Franklin Place
104 S. Franklin Road
Bloomington, IN 47404
Telephone (812) 332-9451
Attorney for Plaintiff, Jasmine McGhee

4
## CERTIFICATE OF SERVICE

       I hereby certify that on the 9th day of March, 2021 a copy of this document was filed electronically. Service of this filing will be made on all registered counsel by operation of the Court's electronic filing system or by mail should counsel not be registered.

Christopher R. Whitten
Matthew K. Phillips
Whitten Law Office
6801 Gray Road
Suite H
Indianapolis, IN   46237

                         Respectfully submitted,
                         KEN NUNN LAW OFFICE


               By:      _____*/s/Nathan Foushee* _____
                       Nathan Foushee, # 24885-49
                       Attorney for Plaintiff, Jasmine McGhee

Nathan Foushee
Ken Nunn Law Office
Franklin Place
104 S. Franklin Road
Bloomington, IN 47404
Telephone (812) 332-9451
Attorney for Plaintiff, Jasmine McGhee